# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

WILLIAM LEON BAUDERS,

Petitioner

-vs-

JOE ALLBAUGH, DIRECTOR,

Respondent.

PETITIONER'S REPLY BRIEF

17-CV-209-JHP-FHM

M. MICHAEL ARNETT, OBA #12071
ARNETT LAW FIRM

3133 NW 63rd STREET
OKLAHOMA CITY, OK 73116
(405) 767-0522
(405) 767-0529 (FAX)

**ATTORNEY FOR PETITIONER**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................... ii

I. The State Argument Ignores The Promise Of Leniency Offered By Officers During The Investigation And The Psychological Ploy, Amounts To a Coerced Confession Under The Totality Of Circumstances Standard. ................... 1

II. There Is No Procedural Bar In A Non-Capital Petition of Habeas Corpus On Claims Of The Exclusion of Lesser Included Jury Instructions. ........................... 2

III. The State's Application Of The Standard Of Reasonableness As To Trial Counsel's Decisions, Is Unsupported. ............................................................... 4

CONCLUSION............................................................................................... 6

# TABLE OF AUTHORITIES

### Federal CASES

*Braum v. United States*, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed 568 (1997) ----------------- 1
*Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973) --------- 3
*Dockins v. Hines*, 374 F.3d 935 (10th Cir. 2004), ---------------------------------------- 2
*Florida v. Nixon*, 543 U.S. 175, 125 S.Ct., 160 L.Ed.2d 565 (2004) --------------------- 5
*Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct 1730, 52 L.Ed.2d 203 (1977). --------------- 3
*Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). ---------- 4
*Lockett v. Trammel*, 711 F.3d 1218, (10th Cir., 2013). ----------------------------------- 5
*Long v. Smith*, 663 F.2d 18 (6th Cir. 1981).---------------------------------------------- 3
*Nguyen v. Reynolds*, 131 F.3d 1340, (10th Cir, 1997), ---------------------------------- 2
*Porter v. McCollum*, 558 U.S. 30, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009) --------------- 7
*Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005);-------------- 7
*Sears v. Upton*, 561 U.S. 945, 130 S.Ct. 3259, 1776 L.Ed.2d 1025 (2010)--------------- 7
*U.S. v. Villalpando*, 588 F.3d 1124, (7th Cir., 2009).------------------------------------ 1
*Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); -------------- 7
*Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 289 (2000); ------------ 7

### STATE CASES

*Simpson v. State*, 2010 OK CR 6, 230 P.3d 888 ---------------------------------------- 5

# ARGUMENT

I. The State Argument Ignores The Promise Of Leniency Offered By Officers During The Investigation And The Psychological Ploy, Amounts To a Coerced Confession Under The Totality Of Circumstances Standard.

In its argument, the State looks at the confession in a vacuum when viewing whether or not the totality of the circumstances amount to a coerced confession. A confession, in order to be admissible, must be free and voluntary; that is, must not be extracted by any sort of threats or violence, nor obtained **by any direct or implied promises, however slight**, or by the exertion of any improper influence. *Braum v. United States*, 168 U.S. 532, 542-43, 18 S.Ct. 183, 186-87, 42 L.Ed 568 (1997) (emphasis added).

In the present case, Mr. Bauders testified at the *Jackson v. Denno* hearing that he confessed only because during the second portion of the interview Officer Rose had told him that if the Mr. Bauders admitted he was guilty it would look better and Officer Roese could get the district attorney to reduce the charges to vehicular manslaughter. (J.D. at 40). This was a false promise for leniency made to Mr. Bauders by law enforcement to coerce him into a confession.

A false promise for leniency by a law enforcement officer is not akin to a police tactic as the State argues. It has been recognized that a false promise is unlike deceptive police tactics, in that a false promise has a unique potential to make a decision to speak irrational and the resulting confession unreliable. *U.S. v. Villalpando*, 588 F.3d 1124, 1128 (7th Cir., 2009). Mr. Bauders was coerced into a confession because he believed a promise that he would receive preferential treatment by the arresting and charging authorities, which rendered his confession coerced.

Albeit, while a promise of leniency is only one circumstance to consider when looking at the totality of the circumstances to determine whether a confession is the result of overbearing police authorities. Psychological ploys to deliberately elicit a response is another. The State as well as

1

the OCCA asserts the officers' attitude was nothing more than just a "friendly" attitude towards Mr. Bauders. No one is being friendly when they are deliberately eliciting a response from an arrestee, rather than looking at demeanor, using a promise of leniency and being Mr. Bauders' best friend should be looked at as psychologically coercive. Officer Rose wanted Mr. Bauders to believed that he was his "best friend", not for a conversation between two individuals, instead it was for an interrogation.

This claim is not based on one instance of an over invasive police tactic to get someone to talk. Instead, this is based on the combination of a promise of leniency and a psychological ploy to coerce Mr. Bauders into believing the police were his friend and there to help him. Coupled together, the police were using their offer of leniency and psychological ploy to deliberately coerce Mr. Bauders into confessing.

II. There Is No Procedural Bar In A Non-Capital Petition of Habeas Corpus On Claims Of The Exclusion of Lesser Included Jury Instructions.

In the State's second ground of its response, the State asserts that there is no basis for federal habeas corpus relief. The State basis its argument on *Dockins v. Hines*, 374 F.3d 935 (10th Cir. 2004), where the Tenth Circuit claims that there is a rule of "automatic non-reviewability" for the state court's failure to give a lesser included instruction in a non-capital case. *Id.* at 938. However, as the State recognizes, in *Nguyen v. Reynolds*, 131 F.3d 1340 (10th Cir, 1997), that the court recognized that jury instructions are generally not reviewable on a federal habeas corpus petition unless the errors are so fundamentally unfair as to deprive petitioner of a fair trial and due process of law. *Id.* at 1357. It is recognized the facts in *Nguyen* were associated with a capital case, however, the Tenth Circuit in formulating that rule, used two non-capital cases as precedent.

First, that court used the Sixth Circuit case *Long v. Smith*, 663 F.2d 18 (6th Cir. 1981). In *Smith*, the defendant was convicted of murder and attempted rape by a jury and sentenced to life and five years' imprisonment. The court found that there was no error, but not before mentioning that based on Supreme Court precedent that jury instructions may be reviewable in a habeas corpus proceeding if they are so fundamentally unfair as to deprive the petitioner of a fair trial and due process of law. *Id.* at 23.

Both *Nguyen* and *Long*, cite to Supreme Court precedent *Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct 1730, 52 L.Ed.2d 203 (1977). In *Henderson*, the defendant was convicted by a jury for second degree murder. The petitioner filed a federal petition of habeas corpus and the District Court refused to review. The Court reviewed for an omission of a jury instruction and instructively applied that in order for an attack on a jury instruction to survive a collateral attack on the constitutional validity of a state court's judgment, the question becomes whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. *Id.* at 154, *(citing) Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368.

Based on the aforementioned precedent, "automatic rule of non-reviewability" is not a hard and fast rule when it comes to lesser included in non-capital cases. Based on preceding precedent, this Court may review to determine whether Mr. Bauders' was deprived due process for the exclusion of lesser included instruction making his trial fundamentally unfair.

Looking to State law, a defendant is entitled to an instruction on all lesser included offenses sufficiently supported by the evidence. Incorporating here Mr. Bauders' argument from his Petition of Habeas Corpus, the evidence presented at trial supported a lesser included instruction. (Petition, Pg. 18-19). A trial court should instruct on a lesser included or related offenses that are

3

supported by the evidence that might allow a jury to acquit the defendant of the charged offense and convict him of the lesser offense. *Simpson v. State*, 2010 OK CR 6, ¶ 17, 230 P.3d 888, 897.

Because the evidence at trial supported the elements of the lesser included offenses of negligent homicide and manslaughter first degree should have been given. "Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction." *Keeble v. United States*, 412 U.S. 205, 213, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). In Mr. Bauders case, the jury was faced with only one choice, conviction. However, Mr. Bauders was entitled to lesser included jury instructions, the jury would have still found him guilty, but with more than one choice, it is rational the jury found that either first degree manslaughter or negligent homicide were committed while the office of second degree felony murder had not been committed.

Thus, by not presenting to the jury the lesser included offenses when he was entitled to them under federal precedent, is grossly prejudicial as to deny Mr. Bauders the right to a fundamentally fair trial.

III. The State's Application Of The Standard Of Reasonableness As To Trial Counsel's Decisions, Is Unsupported.

In the State's response, it asserts that trial counsel's strategy was reasonable based off of *Florida v. Nixon*, 543 U.S. 175, 125 S.Ct., 160 L.Ed.2d 565 (2004) and *Lockett v. Trammel*, 711 F.3d 1218, 1246-1249 (10th Cir., 2013). In both of those cases, the court found that it was reasonable trial strategy to concede guilt. However, both *Nixon* and *Lockett* were capital cases[1] which differentiates from Mr. Bauders' case in that his was a non-capital case. The Supreme Court

---

[1] *Lockett* did have non-capital offenses included, but on the murder charge the defendant was sentenced to death.

4

in *Nixon* found that it was reasonable to concede guilt when focusing on a trial's penalty phase at which time it is the mission of the trier that his client's life is to be spared. *Nixon* at 191.

The State points to no authority that admitting guilt is sound trial strategy in a non-capital trial. Mr. Bauders admission of guilt by trial counsel in a non-capital case goes beyond the reasonable standards of trial strategy in a non-capital case, and as a result lead to Mr. Bauders' life conviction. If trial counsel's admission alone did not, it was the failure of trial counsel to present mitigating evidence that did.

The State points out that Mr. Bauders did not claim ineffective assistance on failure to present mitigating evidence on direct appeal. Mr. Bauders argued that trial counsel was ineffective for several reasons, including the issue on whether trial counsels' strategy was "sound trial strategy". (Petition, pg. 15). OCCA recognized trial counsel's "strategy" as "conceding guilt and focused on mitigation of punishment", finding that it was sound trial strategy. (Exhibit 1, pg. 5). Mr. Bauders argued in his Brief in Chief on direct appeal that because of trial counsel's unilateral decision making, he was not afforded the opportunity to present a defense, which in this case would be mitigation evidence. Although not explicitly mentioned in a separate proposition on Appeal, both Mr. Bauders raised and OCCA examined whether counsel was ineffective in his trial strategy, including the presentation, or lack thereof, mitigation evidence. Thus, this claim was examined at the State level.

Even if this Court determines that the ineffective assistance of counsel for failure to present mitigation evidence issue was not properly raised, it should still be examined for violation of the defendant's due process rights to a fundamentally fair trial. The OCCA recognized an admission of guilt is sound trial strategy when focusing on mitigating punishment. (Exhibit 1, pg. 5). In fact, both *Nixon* and *Lockett* recognized that in a capital trial when one concedes guilt, mitigation

5

evidence is presented. Also, the trial court recognized that counsel was admitting to the crime and trying to minimize punishment. (Vol. I, 29-32). The courts have recognized mitigation evidence to be apparent and part of trial strategy in trials where one admits guilt. As stated in Mr. Bauders petition, the Supreme Court has found trial counsel ineffective in five cases for failing to investigate potential mitigation evidence: *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 289 (2000); *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); *Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005); *Porter v. McCollum*, 558 U.S. 30, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009); and *Sears v. Upton*, 561 U.S. 945, 130 S.Ct. 3259, 1776 L.Ed.2d 1025 (2010).

Trial counsel presented no mitigating evidence and Mr. Bauders was sentenced to life in prison. Trial counsel went against prevailing professional norms and was ineffective. When examined on direct appeal, the OCCA ignored the federal precedent and denied relief. Mr. Bauders asks this court to grant relief.

## CONCLUSION

Mr. Bauders has answered the State's reply brief. The State has failed to demonstrate that he is not entitled to habeas corpus relief. Mr. Bauders respectfully requests that this Court grant his Petition for Writ of Habeas Corpus and allow the requested relief.

Respectfully Submitted,

s/s M. Michael Arnett
M. Michael Arnett, OBA# 12071
ARNETT LAW FIRM
3133 N.W. 63rd St.
Oklahoma City, OK 73116
Telephone: (405) 767-0522
Facsimile: (405) 767-0529
Email: mikearnett1@juno.com
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify the foregoing Petition Under 27 U.S.C. § 2254 for a Writ of Habeas Corpus & Request for an Evidentiary Hearing was served on July, 26, 2017 in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/s M. Michael Arnett
M. MICHAEL ARNETT

ORIGINAL

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

WILLIAM LEON BAUDERS, )
      Appellant, )
vs. )
THE STATE OF OKLAHOMA, )
      Appellee. )

NOT FOR PUBLICATION

No. F-2014-1064

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA
APR 19 2016
MICHAEL S. RICHIE
CLERK

## SUMMARY OPINION

**SMITH, PRESIDING JUDGE:**

William Leon Bauders was tried by jury and convicted of Count I, Second Degree Felony Murder in violation of 21 O.S.2011, § 701.8(2); Count II, Possession of a Stolen Vehicle in violation of 47 O.S.2011, § 4-103; Count IV, Leaving the Scene of a Fatality Accident in violation of 47 O.S.2011, § 10-102.1; and Count V, Driving With a Suspended/Revoked License in violation of 47 O.S.2011, § 6-303(B), in the District Court of Tulsa County, Case No. CF-2014-78.[1] In accordance with the jury's recommendation the Honorable William Musseman sentenced Bauders to life imprisonment (Count I); five (5) years imprisonment (Count II); ten (10) years imprisonment (Count IV); and a fine of $500.00 (Count V), to run consecutively.

Bauders raises five propositions of error in support of his appeal:

I. The trial court should have suppressed the testimony of Erin Koopman, pursuant to 12 O.S. § 2504(B).
II. The court should have suppressed "phase two" of the Appellant's confession because it was psychologically coerced by law enforcement.
III. The district court abused its discretion by not giving the instructions on lesser included offenses requested by the Appellant.

---

[1] Bauders' conviction on Count III, Grand Larceny, the predicate felony for Count I, was dismissed at the conclusion of the case.

EXHIBIT 1

IV. The jury verdict in the felony murder, second degree was confusing and contrary to law and should be vacated.
V. Trial counsel was ineffective for several reasons and the trial "only on the issue of punishment" was unconstitutional and should be reversed.

After thorough consideration of the entire record before us, including the original record, transcripts, exhibits and briefs, we find that the law and evidence do not require relief.

We find in Proposition I that, because Koopman did not testify at Bauders' trial, this issue is moot. *State v. Hall*, 2008 OK CR 15, ¶ 38, 185 P.3d 397, 406; *Black v. State*, 2001 OK CR 5, ¶ 87, 21 P.3d 1047, 1075. This proposition is denied.

We find in Proposition II that the trial court did not abuse its discretion in denying Bauders' motion to suppress his confession. *Johnson v. State*, 2012 OK CR 5, ¶ 15, 272 P.3d 720, 727. An abuse of discretion is any unreasonable or arbitrary action made without proper consideration of the relevant facts and law, also described as a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts. *Neloms v. State*, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170. A voluntary confession is one which "is the product of an essentially free and unconstrained choice by its maker." *Johnson*, 2012 OK CR 5, ¶ 14, 272 P.3d at 727; *Young v. State*, 2008 OK CR 25, ¶ 19, 191 P.3d 601, 607. The State must show by a preponderance of the evidence that a confession is voluntary, and the district court determines the issue by considering the totality of the circumstances. *Young*, 2008 OK CR 25, ¶ 19, 191 P.3d at 607. On appeal, we determine whether competent evidence supports the district court's finding that the statement was voluntary. *Id.* As long as there are not threats or promises made, police may urge

suspects to cooperate and to tell the truth. *Underwood v. State*, 2011 OK CR 12, ¶ 34, 252 P.3d 221, 239. Even aggressive police questioning does not constitute coercion, where the record indicates a defendant answers questions voluntarily. *Young*, 2008 OK CR 25, ¶ 24, 191 P.3d at 608. The record here does not support Bauders' claim that officers promised to have his charges dropped, or promised him anything else, in return for a confession; there is no merit to his claim that the officer's friendly attitude amounted to psychological coercion. This proposition is denied.

We find in Proposition III that the district court did not abuse its discretion in rejecting Bauders' requested instructions on the lesser related offenses of first degree misdemeanor manslaughter and negligent homicide (misdemeanor). We review the trial court's decision for abuse of discretion. *Simpson v. State*, 2010 OK CR 6, ¶ 16, 230 P.3d 888, 897. A trial court should instruct on lesser included or related offenses that are supported by the evidence, asking whether the evidence might allow a jury to acquit the defendant of the charged offense and convict him of the lesser offense. *Id.* at ¶ 17, 897. The record confirms the trial court's decision that evidence did not support instruction on either of Bauders' requested lesser offenses. Bauder confessed, to police and on the stand, to all the elements of second degree felony murder – he committed a homicide while engaged in the felony of grand larceny. While parts of his confession, and the supporting evidence, might have supported various elements of the two requested lesser offenses, jurors could not have believed that evidence and still acquitted Bauders of the charged offense of second degree felony murder. This proposition is denied.

3

We find in Proposition IV that the jury verdict form recommending a life sentence on Count I, with the addition of the words "45 years", was neither confusing nor contrary to law. Jurors were correctly instructed that the maximum punishment on Count I, second degree felony murder, was life in prison. They were further correctly instructed, without objection, that the DOC considers "life" to equal 45 years. The verdict form returned for Count I recommended a sentence of "life", and added, "forty-five (45) years imprisonment in a state penal institution". Bauders argues that the trial court should have *sua sponte* instructed jurors to return a verdict in the proper form. 22 O.S.2011, § 919. We review a trial court's decision on instructions for abuse of discretion. *Barnard v. State*, 2012 OK CR 15, ¶ 20, 290 P.3d 759, 766. As Bauders did not request this instruction, or object to the verdict form, we review for plain error. *Barnard*, 2012 OK CR 15, ¶ 13, 290 P.3d at 764. Plain error is an actual error, that is plain or obvious, and that affects a defendant's substantial rights, affecting the outcome of the trial. *Id.* Neither the trial court, the State, nor Bauders expressed any doubt at trial or sentencing as to what jurors intended to recommend; the jury's language recommending a sentence corresponds precisely to the instructions on a life sentence. The jury's recommended sentence was clear from the record, the trial court did not abuse its discretion in accepting the verdict form, and there is no error, thus no plain error. This proposition is denied.

We find in Proposition V that trial counsel was not ineffective for failing to object to the verdict form, and for advising Bauders to adopt a strategy that

4

essentially conceded guilt and focused on mitigation of punishment.[2] Bauders must show counsel's performance was deficient, and that the deficient performance was prejudicial. *Miller v. State*, 2013 OK CR 11, ¶ 145, 313 P.3d 934, 982; *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel's acts or omissions must have been so serious as to deprive Bauders of a fair trial with reliable results. *Harrington v. Richter*, 562 U.S. 86, 104, 131 S.Ct. 770, 787-88, 178 L.Ed.2d 624 (2011). Bauders must have been prejudiced by counsel's acts or omissions. *Williams v. Taylor*, 529 U.S. 362, 394, 120 S.Ct. 1495, 1513-14, 146 L.Ed.2d 389 (2000); *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. Where a defendant fails to show prejudice, we will dispose of a claim of ineffective assistance on that ground. *Marshall v. State*, 2010 OK CR 8, ¶ 61, 232 P.3d 467, 481. As we found in Proposition IV that the jury's recommendation of sentence was neither confusing nor contrary to law, counsel cannot be ineffective for failing to object to the verdict.

Bauders also claims trial counsel improperly advised him to concede guilt. We will not second-guess defense counsel's strategic decisions. *Dawkins v. State*, 2011 OK CR 1, ¶ 20, 252 P.3d 214, 220. Defense counsel may make the strategic

---

[2] In this proposition, Bauders also tries to raise, as a separate issue, the substantive proposition that his trial "on the issue of punishment only" was illegal. This effort to combine two separate issues in a single proposition is improper under our Rules. Rule 3.5(A)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). We do not consider the substantive claim; we review Bauders' claim that he had no chance to present a defense and conceded guilt only as it relates to his claim of ineffective assistance of counsel. Apparently in connection with this claim, appellate counsel has included as Exhibit B of the brief a verified but undated affidavit from Bauders. Appellate counsel neither filed a Rule 3.11 motion nor requested an evidentiary hearing in connection with this (or any other) proposition. Our Rules contain no provision allowing this Court to review this affidavit in deciding the issue raised in this Proposition, and we do not consider it.

decision to concede guilt, after consulting with a defendant and getting his consent. *Sanchez v. State*, 2009 OK CR 31, ¶ 99, 223 P.3d 980, 1012; *Lockett v. State*, 2002 OK CR 30, ¶ 16, 53 P.3d 418, 424; *see also Jackson v. State*, 2001 OK CR 37, ¶ 28, 41 P.3d 395, 400 (in capital case, sound strategy to concede guilt with overwhelming evidence of guilt and no viable defense). The record does not support Bauders' claim that trial counsel was ineffective for advising him to focus on punishment. In addition to Bauders' own confession, overwhelming forensic and eyewitness evidence supported the charges.

In a pretrial *ex parte* hearing, defense counsel discussed the strategy to focus on sentencing and the possibility of lesser included offenses at trial, rather than contesting Bauders' guilt. The trial court entered into a long colloquy with Bauders, under oath, in which Bauders confirmed that he had talked with defense counsel about this strategy, understood it, agreed with it, and understood that counsel would tell jurors early on that he conceded guilt; Bauders also stated he understood that he might not receive any lesser included offense instructions and still wanted to proceed with this strategy. When Bauders confirmed his desire to testify on the record, he referred to it as "my testimony about admitting guilt" and stated that nobody had promised him anything or coerced his testimony. Bauders understood and agreed with defense counsel's strategy. He fails to show that, under the circumstances of this case, this strategy was unreasonable. He also fails to show any reasonable probability that, had trial counsel advised him to contest guilt, the outcome of the trial would have been different. This proposition is denied.

## DECISION

The Judgments and Sentences of the District Court of Tulsa County are **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE BILL MUSSEMAN, DISTRICT JUDGE

| **ATTORNEYS AT TRIAL** | **ATTORNEYS ON APPEAL** |
| --- | --- |
| RICHARD KOLLER<br>STEPHANIE COLLINGWOOD<br>ASSISTANT PUBLIC DEFENDERS<br>TULSA COUNTY<br>  PUBLIC DEFENDER'S OFFICE<br>423 S. BOULDER, SUITE 300<br>TULSA, OK 74103<br>COUNSEL FOR DEFENDANT | M. MICHAEL ARNETT<br>JOHN THOMAS HALL<br>ARNETT LAW FIRM<br>3133 N.W. 63RD STREET<br>OKLAHOMA CITY, OK 73116<br>COUNSEL FOR APPELLANT |
| MICHAEL ENGLISH<br>ASSISTANT DISTRICT ATTORNEY<br>500 S. DENVER, STE. 900<br>TULSA, OK 74103<br>COUNSEL FOR THE STATE | E. SCOTT PRUITT<br>ATTORNEY GENERAL OF OKLAHOMA<br>JENNIFER B. WELCH<br>ASSISTANT ATTORNEY GENERAL<br>313 NE 21ST STREET<br>OKLAHOMA CITY, OK 73105<br>COUNSEL FOR APPELLEE |

**OPINION BY: SMITH, P.J.**
LUMPKIN, V.P.J.: CONCUR
JOHNSON, J.:    CONCUR
LEWIS, J.:      CONCUR
HUDSON, J.:     CONCUR